UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS ANGEL COLON,

                Petitioner,

v.

MICHAEL BURGESS,

                Respondent.

_____/

Case No. 1:25-cv-1158

Honorable Sally J. Berens

**OPINION**

      Petitioner Luis Angel Colon commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), along with a motion to stay these proceedings and hold them in abeyance (ECF No. 3). For the reasons stated below, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance.

      On September 11, 2014, Petitioner pleaded *nolo contendere* in the Kent County Circuit Court to two counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, and one count of fourth-degree criminal sexual conduct (CSC-IV), in violation of Mich. Comp. Laws § 750.520e. (§ 2254 Pet., ECF No. 1, PageID.1.) On October 7, 2014, the trial court sentenced Petitioner to concurrent terms of 25 to 60 years' incarceration for the two CSC-I convictions, and a concurrent term of 2 years, 6 months to 4 years' incarceration for the CSC-IV conviction. (*Id.*)

      At some point before April 3, 2019, Petitioner returned to the trial court and filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. *See* Register of Actions, *People v. Colon*, No. 350850 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/3508

50 (last visited Oct. 6, 2025). The trial court denied that motion on April 3, 2019. *See id.* The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on January 10, 2020, and the Michigan Supreme Court denied Petitioner's application for leave to appeal on April 29, 2020. *See id.*

On November 28, 2022, Petitioner returned to the Michigan Court of Appeals and filed a delayed application for leave to appeal from an order entered by the trial court on July 14, 2022. *See* Register of Actions, *People v. Colon*, No. 363966 (Mich. Ct. App.), https://www.courts. michigan.gov/c/courts/coa/case/363966 (last visited Oct. 6, 2025). In an order entered on April 17, 2023, the court of appeals concluded that, in lieu of granting Petitioner's delayed application for leave to appeal, the trial court's July 14, 2022 order was vacated and the "matter is remanded for entry of an order restarting the time in which [Petitioner] may file an appeal or request appellate counsel." *See id.* The court of appeals noted that "[Petitioner's] appointed appellate counsel's deficient representation deprived [Petitioner] of his right to first-tier appellate review by this Court." *See id.*

Petitioner filed his application for leave to appeal his convictions and sentences to the Michigan Court of Appeals on November 27, 2023. *See* Register of Actions, *People v. Colon*, No. 368807 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/368807 (last visited Oct. 6, 2025). The court of appeals denied Petitioner's application on February 1, 2024. *See id.* The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 2, 2024. *See People v. Colon*, 7 N.W.3d 830 (Mich. 2024). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

This Court received Petitioner's Section 2254 petition on September 29, 2025. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to

the federal court. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his

Section 2254 petition as of September 24, 2025. (§ 2254 Pet., ECF No. 1, PageID.15.) The Court,

therefore, deems Petitioner's Section 2254 petition to be filed as of September 24, 2025. Petitioner

raises the following grounds for relief in his Section 2254 petition:

I.      Petitioner's sentence is unconstitutionally disproportionate because the sentencing court did not have mitigating information about Petitioner's background when it rendered its decision.

II.     Petitioner received ineffective assistance of counsel during sentencing.

III.    Petitioner has a due process right to specific performance of his sentencing agreement.

IV.     Petitioner was denied effective assistance of counsel at the time of plea negotiations resulting in an involuntary and unintelligent plea.

V.      Petitioner's appellate counsel was constitutionally ineffective for failing to raise the foregoing issues III–IV.

(§ 2254 Pet., ECF No. 1, PageID.5–10, 16 (capitalization corrected).) Petitioner acknowledges that

his first two grounds for relief are fully exhausted. (*Id.*, PageID.5–7.) Petitioner acknowledges that

habeas grounds III, IV, and V are unexhausted, but that he intends to file a motion for relief from

judgment pursuant to Rule 6.502 in which he will raise those claims. (ECF No. 3, PageID.22.)

Habeas petitions by state prisoners are subject to the one-year statute of limitations

provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the

Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth above, on April 17, 2023, the Michigan Court of Appeals directed that Petitioner's time for filing a direct appeal of his convictions and sentences be restarted due to ineffective assistance of appellate counsel. The Supreme Court has held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Instead, the judgment of conviction becomes final at "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.*

The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 2, 2024. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period

4

expired on Monday, September 30, 2024. Petitioner's one-year limitation period under AEDPA, therefore, expired as of Tuesday, September 30, 2025. Petitioner filed his Section 2254 petition on September 24, 2025, with only six days remaining in the limitation period.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he exhausted grounds I and II on direct appeal. He further acknowledges that he has not exhausted grounds III, IV, and V, but that he intends to do so by filing a motion for relief from judgment pursuant to Michigan Court Rule 6.502.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the new issues. He may file a motion for relief from

judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has already filed one such motion. However, that motion was filed before Petitioner was granted leave to file his out-of-time direct appeal. Moreover, the Michigan Court Rules allow for a petitioner to file a successive motion for relief from judgment in limited circumstances. *See id.* 6.502(G)(2). Therefore, the Court concludes that Petitioner has at least one available state remedy.

To properly exhaust any unexhausted claims, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

The *Palmer* Court has indicated that 30 days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another 30 days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that 60 days amounts to a mandatory period of equitable tolling under *Palmer*). When Petitioner commenced this action, only six days remained in the one-year limitation period. The limitation period has now expired. As a result, were the Court to dismiss Petitioner's Section 2254 petition without prejudice for lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *See Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. Petitioner shall, within 30 days of the date of this opinion and the accompanying order, file his motion for relief from judgment in the Kent County Circuit Court or a motion to lift the stay in this Court indicating that he intends to proceed with only the exhausted habeas grounds in his present petition. This action will be stayed, and held in abeyance, until Petitioner either (a) files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review; or

(b) files a motion to lift the stay, within 30 days of the date of this opinion and accompanying order, indicating that he intends to proceed with the exhausted claims in his present petition. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.


Dated:   __October 8, 2025_____          __/s/ Sally J. Berens_____
                                            SALLY J. BERENS
                                            United States Magistrate Judge